**CONTINENTAL CASUALTY COM-PANY, Appellant,**

v.

**The PUBLIC BUILDING AUTHORITY OF the CITY OF SCOTTSBORO,** Appellee.

No. 24114.

United States Court of Appeals Fifth Circuit.

July 27, 1967.

Rehearing Denied Aug. 30, 1967.

James E. Clark, Thomas R. Elliott, Jr., Birmingham, Ala., for appellant.

London, Yancey, Clark & Allen, Birmingham, Ala., of counsel.

Hubert Hayes, Birmingham, Ala., Joseph A. Lee, Scottsboro, Ala., Dumas, O'Neal & Hayes, Birmingham, Ala., for appellee.

Before BROWN, Chief Judge, SIMP-SON, Circuit Judge, and SUTTLE, District Judge.

PER CURIAM.

The sole question presented on this appeal is whether or not the trial court erred in directing verdict in favor of the appellee (herein "PBA") and against appellant (herein "Surety"), surety on a payment bond guaranteeing payment of labor and materialmen by a general contractor, in a suit by the Surety for recovery of $14,306.42 paid out by PBA to the contractor on progress estimates certified correct by its architect at a time when PBA, Surety and the architect all had knowledge that the contractor owed sub-

stantial amounts to several materialmen, and when Surety had requested that no further payments be made without its consent. The case does not involve release of retained percentages under the contract. It was not a case where default had been declared and the Surety called upon to complete the work under a performance bond.

Nothing in the contract or the Bond conditioned the right of PBA to make payment to the contractor upon consent of the Surety. This was recognized by the trial judge when he stated to the jury in granting directed verdict:

"Now I have looked at the documents and the exhibits in this case, contracts and bonds, and I have found no provision and none has been called to my attention which, as a matter of contract, required the owner, the Public Building Authority, to seek or obtain the permission of the surety before making payments due under the contract which were properly authorized by the architect. There is no provision, contract provision anywhere I can find which requires the Public Building Authority to obtain the consent of the surety. And for that reason the payment which was made on June 5 cannot be said, as a matter of law or as a matter of fact, to have been an unauthorized payment or a payment in breach of the contract conditions such as the condition which requires a retainage of a percentage of the progress payments until final settlement or completion. In a situation (134) where the owner is required to retain ten percent or more of the payments due and then breaches that obligation to retain, the owner makes payments on the full amount, then the surety has been damaged to the extent of the payments which the owner was obligated to retain but did not, but that is not involved in this case since there was no showing that any payment of retainages had been made at any time and the payment of June 5, 1964, was made by the trustee bank on the authorization of the Public Building Authority of the City of Scottsboro and the architect who certified that that work and labor had been performed under the terms of the contract (R. 139)."

We affirm the trial court. See annotation, 127 A.L.R. 34, "Contractors' Bond-Payment Releasing Surety", where the editors state:

"It may be laid down as a general rule that payments made by the Owner to a construction contractor in accordance with the terms of the contract do not release the surety on the contractor's bond from liability to the Owner."

The contract here is explicit in providing that payments be made upon estimates certified by the architect as correct. Completely absent is any requirement for consent by the Surety before payment. See further generally Couch on Insurance 2d, Volume 13, page 317, et seq., "Payments by Obligee".

Affirmed.